```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -X
MARTINO S. BUSSA,

                    Plaintiff,
                                            REPORT & RECOMMENDATION
        - against -
                                            CV 2010 2525 (JBW) (MDG)
MTA NEW YORK CITY TRANSIT,

                    Defendant.
- - - - - - - - - - - - - - - - - - -X
```

Plaintiff, pro se in forma pauperis, brings claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2000e-17, and the Americans With Disabilities Act of 1990, 42 U.S.C. § 12112-12117. See Compl. (ct. doc. 1) at 1. By letter dated August 29, 2011, defendant MTA New York City Transit requests that the Court dismiss plaintiff's complaint because of plaintiff's failure to comply with this Court's orders to respond to defendant's document requests and sign his interrogatory responses by August 15, 2011. See Letter Mot. for Sanctions, dated Aug. 29, 2011 (ct. doc. 35).

For the following reasons it is respectfully recommended that the Court dismiss this action with prejudice.

BACKGROUND

Plaintiff, Martino S. Bussa, filed this employment discrimination action on June 1, 2010 against MTA New York City

Transit alleging that the defendant had discriminated against him on the basis of disability -- bipolar disorder -- and national origin -- Italian -- by not offering him a job when he applied on two separate occasions for a conductor or train operator position.  See ct. doc. 1 at 1, 3, 4.  At an initial conference held on August 27, 2010, the Court discussed the process of discovery and set a discovery deadline for December 3, 2010.  See Conf. Tr. dated Aug. 27, 2010 at 12 (ct. doc. 23).  This Court also referred the plaintiff for assistance to the Manual for Pro Se Litigants, which he had received from the Court.  See id. at 3-4, 14-15.

By letter dated November 9, 2010, defendant moved to compel plaintiff to cooperate in discovery, including participating in his deposition.  See Letter to the Court from Joyce R. Ellman, Esq. dated Nov. 9, 2010 (ct. doc. 10) at 1.  Although plaintiff had appeared for a deposition defendant had scheduled, he refused to be deposed and indicated that he was there only for a settlement discussion.  See id.  The Court granted defendant's motion to compel and gave plaintiff three additional weeks in which to reschedule his deposition.  See Order of the Court dated Nov. 23, 2010 (ct. doc. 11) at 1-2.  The Court reminded plaintiff of his discovery responsibilities and again referred him to specific pages in the Manual for Pro Se Litigants for further explanations of the discovery process.  See id.

Because plaintiff neither responded to defendant's discovery requests nor contacted defendant's counsel to reschedule his deposition, defendant's counsel moved by letter motion to dismiss the complaint. See Letter to the Court from Ellman dated Dec. 13, 2010 (ct. doc. 12). The Court denied defendant's motion and gave plaintiff another chance to reschedule his deposition. See Order of the Court dated Dec. 16, 2010 (ct. doc. 13) at 2. The Court also ordered plaintiff to respond to defendant's interrogatories and document requests and warned that he may be sanctioned pursuant to Rule 37 of the Federal Rules of Civil Procedure for failure to comply with the Court's orders. See id. at 2-3.

Plaintiff again ignored the Court's orders, prompting defendant to request a second time that the Court sanction plaintiff by dismissing the complaint. See Letter to the Court from Ellman dated Jan. 19, 2011 (ct. doc. 14). On January 21, 2011, at a scheduled telephonic conference, the Court advised plaintiff that he is required to comply with discovery requests and the Court's orders and that he can not refuse to participate in discovery and insist on settlement. See Minute Entry dated Jan. 21, 2011; Conf. Tr. dated Jan. 21, 2011 (ct. doc. 24) at 2, 27. This Court encouraged the parties to explore the possibility of settlement and adjourned the conference to February 4, 2011 for further settlement discussions. See id. at 25-26. After settlement discussions reached an impasse at the telephonic

-3-

conference on February 4, 2011, Mr. Bussa refused to engage in rational discussions regarding discovery, disrupting discussion with boisterous complaints that his constitutional rights were being violated. See Conf. Tr. dated Feb. 4, 2011 (ct. doc. 17) at 5, 11, 12, 16, 18, 20, 24.  In light of plaintiff's continued refusal to provide discovery, the Court sanctioned him $10, but stated that the sanction would be vacated if he provided discovery responses and appropriately participated in his deposition.  See Order of the Court dated Feb. 11, 2011 (ct. doc. 16) at 2.  The Court also scheduled an in-person conference for April 5, 2011 and ordered that plaintiff sit for a deposition directly after the conference.  See Minute Entry dated Feb. 4, 2011.

On April 5th, the Court granted plaintiff another extension of time to comply with defendant's discovery requests, but warned him that failure to cooperate with the discovery process would result in re-imposition of the $10 sanction that the Court had previously suspended.  See Minute Entry dated Apr. 5, 2011.  A further conference was scheduled for May 10, 2011, with the deposition of plaintiff to follow the conference.  Id.

On May 10, 2011, plaintiff appeared 45 minutes after the scheduled time for the conference.  Refusing to comply with the Court's order to sign his interrogatories, he walked out of the conference, abruptly ending it.  See Minute Entry dated May 10, 2011; Conf. Tr. (ct. doc. 25) dated May 10, 2011 at 14-19.

Following that conference, the Court issued an order sanctioning plaintiff $10 and directing him to provide signed interrogatory responses and the documents requested by defendant by May 31, 2011. See Order of the Court dated May 18, 2011 (ct. doc. 26). The Court also warned plaintiff that failure to participate in discovery could result in the Court recommending dismissal of his case. See id.

    The Court's order, in its original packaging, was returned to this Court with a handwritten cover letter dated May 23, 2011 signed by "Antonino Bussa." See ct. doc. 28. "Antonino Bussa" wrote that he is the brother of plaintiff, Martino Bussa, but did not have permission to open the envelope addressed to his brother, who was currently in the hospital. Id. "Antonino Bussa" also sent to Judge Weinstein a handwritten letter dated May 23, 2011, which he stated was written on behalf of his brother, plaintiff Martino Bussa, and denominated as a "Complainant Letter of Misconduct." See ct. doc. 30. In this letter, Antonino asserted that his brother had responded to discovery requests and complained about the failure of the defendant to respond to plaintiff's discovery requests and the unfair treatment of plaintiff by this Court. Id. By letter dated May 25, 2011, Joyce Ellman, counsel for defendant, advised that the defendant had timely served a response requests that plaintiff had mailed on April 22, 2011. Ct. doc. 31.

In a handwritten letter dated June 2, 2011 addressed to this Court, plaintiff Martino Bussa stated that he had been discharged from the hospital on June 1, 2011 and would be working out of town through September 7, 2011. Ct. doc. 33. Plaintiff apparently sent a similar letter dated June 2, 2011 to Ms. Ellman. See Letter of Ellman dated June 8, 2011 (ct. doc. 32) at 2. The handwriting in these two letters of plaintiff dated June 2, 2011 are strikingly similar to the handwriting in the letters sent by "Antonino Bussa" on May 23, 2011. Compare ct. docs. 32 at 2 and 33 with ct. docs. 28, 30.

Critically, as counsel for defendant noted in her letter dated June 8, 2011, plaintiff still had neither signed his responses to defendant's interrogatories nor responded to defendant's document requests. Ct. doc. 32 at 1. Defendant thus again sought dismissal. Plaintiff did not file a response to the letter. Nonetheless, this Court denied defendant's request in an abundance of caution because of concern that plaintiff had not received the Court's order of May 18, 2011 due to his alleged hospitalization and may have been unable physically to comply. Order of the Court dated July 13, 2011 (ct. doc. 34) at 1-2. This Court extended plaintiff's time to provide the outstanding discovery by August 15, 2011, but warned that the Court "will recommend that this case be dismissed" if plaintiff fails to comply. Id. at 2. When plaintiff failed to respond to defendant's discovery requests by August 15, defendant once more

requested a recommendation of dismissal of the complaint. <u>See</u> ct. doc. 35.

On October 19, 2011, this Court received letter from plaintiff inquiring as to the status of his case.[1] Ct. doc. 36. In this brief letter, plaintiff does not respond to defendant's most recent letter motion for sanctions or verify that he has responded to defendant's discovery requests and signed his interrogatory responses as previously ordered.

<u>DISCUSSION</u>

Defendant has requested that this Court recommend dismissal of this case for failure to comply with discovery orders. Since dismissal is one of the available sanctions enumerated under Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure that a court may impose for failure to comply with a discovery order, this Court will address the motion in the first instance. Because I conclude that dismissal is warranted, this opinion is styled as a report and recommendation.

Rule 37(b)(2) of the Federal Rules of Civil Procedure governs the sanctions that a court may impose for failure to comply with an order to provide discovery. The Rule provides, in pertinent part:

---

[1] This letter was hand delivered with no address information. Therefore I assume that plaintiff continues to reside at the address on file with the Court.

-7-

> If a party ... fails to obey an order to provide or permit discovery, ... the court where the action is pending may issue further just orders. They may include the following: ...(v) dismissing the action or proceeding in whole or in part.

Fed. R. Civ. P. 37(b)(2).

Although it is well settled in this Circuit that the sanction of dismissal is a "harsh remed[y] [that] should be imposed only in rare situations," it is sometimes necessary "to achieve the purpose of Rule 37 as a credible deterrent 'rather than a paper tiger.'" Update Art, Inc. v. Modin Pub., Ltd., 843 F.2d 67, 71 (2d Cir. 1988) (internal quotations omitted); see also Morangelli v. Chemed Corp., 2011 WL 7475, *1 (E.D.N.Y. Jan. 1, 2011) (explaining that a claimant in a lawsuit "takes on the obligation to provide discovery about his claim"). This sanction may be imposed only if the Court (a) finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) gives notice that violation of the court's order will result in a dismissal of the case with prejudice. See Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) (dismissal with prejudice as sanction for abuse of discovery held improper without prior notice), rev'd on rehearing on ground that notice had been given, id. at 765-66, cert. denied, 499 U.S. 943 (1991); Morangelli at *1-*2. Not only must a court warn a plaintiff that his lack of compliance may result in dismissal of his case, but such a sanction is appropriate only "after consideration of alternative, less drastic sanctions." Marfia v.

-8-

T.C. Ziraat Bankasi, New York Branch, 100 F.3d 243, 253 (2d Cir. 1996); see also Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 140 (2d Cir. 2007).

In addition to Rule 37, we also analyze defendant's motion under Rule 41(b) of the Federal Rules of Civil Procedure, which governs the dismissal of an action or claim for plaintiff's failure to prosecute or comply with a court order. Rule 41(b) provides, in pertinent part, that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissals pursuant to Rule 41 are also within the discretion of the court. See Jackson v. City of New York, 22 F.3d 71, 74-75 (2d Cir. 1994) (internal citation omitted); Liberty Mutual Ins. Co. v. Bella Transp., 2009 WL 1606489, *7 (E.D.N.Y. June 8, 2009). In considering whether dismissal is the proper action, courts considers the same factors that apply in analyzing Rule 37 sanctions. The factors are:

> 1) the duration of the plaintiff's failures; 2) whether plaintiff had received notice that further delays would result in dismissal; 3) whether the defendant is likely to be prejudiced by further delay; 4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and 5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Samman v. Coyers, 231 F.R.D. 163, 165 (S.D.N.Y. 2005) (citing Shannon v. Gen. Elec. Co., 186 F.3d 193-94 (2d Cir. 1999). There are two aspects to the first factor: (1) whether the failures to

prosecute were those of the plaintiff and (2) whether these failures were of significant duration. See Spencer v. Doe, 139 F.3d 107, 113 (2d Cir.1998) (citing Jackson, 22 F.3d at 75); Love v. Amerigroup Corp., 2010 WL 2695636, *2 (E.D.N.Y. June 2, 2010).

After almost a year of unsuccessful settlement conferences and numerous attempts at initial discovery, this case has stalled due to plaintiff's refusal to participate in the discovery process. At four conferences held this year, this Court explained to plaintiff the discovery he was required to provide and set deadlines for him to comply. See ct. docs. 17 at 3-6, 9-10, 14-17; 20 at 7, 9-17; 23 at 4, 8-9; 25 at 3, 6-9, 12-15, 18. Besides sending plaintiff copies of the minute entries for these conferences, which set forth the discovery ordered, this Court also sent plaintiff five separate orders directing him to respond. See ct. doc. 13 at 2; ct. doc. 16 at 2-3; Order of the Court dated May 2, 2011 (ct. doc. 22); ct. doc. 26; Order of the Court dated July 13, 2011 (ct. doc. 34) at 2. Despite the Court's efforts to usher this case along through the discovery phase, plaintiff has not provided the discovery ordered, nor has he cooperated with defendant's attempts to conduct a deposition.

In addition, plaintiff has received ample notice that his noncompliance may result in the dismissal of his case. As noted, the Court had encouraged plaintiff on the record at various conferences to cooperate with defendant and to comply with his discovery responsibilities. When plaintiff failed to do so, this

Court issued multiple orders directing his compliance with discovery and warning him of possible sanctions, including dismissal, should he not comply. See ct. docs. 13 at 2-3; 16 at 2-3; ct. doc. 22; ct. doc. 26; ct. doc. 34 at 1-2. Under the circumstances here, the most severe sanctions available under Rule 37 and Rule 41 "may be imposed even against a plaintiff who is proceeding pro se," in light of the ample warnings given. Valentine v. Museum of Modern Art, 29 F.3d 47, 50 (2d Cir. 1994); see also LaGrande v. Descrescente Distrib. Co, Inc., 2011 WL 3794233, *3, *10 (N.D.N.Y. Aug. 24, 2011).

Given the extent to which discovery has already been delayed by the plaintiff's failure to comply, it is clear that defendant has been prejudiced. See Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) ("prejudice resulting from unreasonable delay may be presumed as a matter of law") (citing Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982)); Randoph v. Bezio, 2011 WL 4373927, *3 (E.D.N.Y. Sept. 19, 2011). Plaintiff's refusal to respond to defendant's discovery responses has resulted in several motions to compel and substantial expenditure of time at several conferences used to urge plaintiff's cooperation that have ultimately failed to produce the requested discovery.

As described above, this Court has considered and imposed lesser sanctions against plaintiff in light of his financial status. Yet, despite repeated stern warnings and the imposition

-11-

of a $10 sanction, Mr. Bussa has continued to ignore his discovery obligations and failed to pay the sanction. In his most recent letter, after a unilateral absence for over four months, plaintiff did not acknowledge his obligation to provide the discovery ordered nor paid the modest sanction imposed. Therefore, this Court finds no reasonable likelihood that plaintiff will comply with discovery obligations in the future. Since the imposition of lesser sanctions has not resulted in compliance, any sanction short of dismissal would likely result in additional prejudice to the defendant. See Stirrat v. Ace Audio/Visual, Inc., 2002 WL 2212096, *2 ("since a failure to grant dispositive relief would likely leave the case pending for an indefinite time, it is likely that some prejudice would result") (citing Peart, 992 F.2d at 462).

Such a drastic sanction is appropriate here also in order to deter plaintiff and other litigants from disobeying court orders and ignoring valid discovery requests. See Nat'l Hockey League v. Metro. Hockey Club, Inc., 427 U.S. 639, 643 (1976) (sanctions are necessary to deter "other parties to other lawsuits" from flouting "other discovery orders of other district courts"); Sieck v. Russo, 869 F.2d 131, 134 (2d Cir. 1989); Gotlin v. Lederman, 2010 WL 17779984, *6 (E.D.N.Y. May 3, 2010); Fed. R. Civ. P. 37(b)(2) (permitting a court to impose sanctions if a party "fails to obey an order to provide or permit discovery").

CONCLUSION

For the foregoing reasons, I respectfully recommend that defendant's request be granted and that the action be dismissed with prejudice due to plaintiff's failure to comply with discovery orders and failure to prosecute.

This report and recommendation will be filed electronically and a copy sent by mail to the plaintiff on this date. Any objections must be filed with the Clerk of the Court, with a copy to Judge Weinstein, on or before November 18, 2011. Failure to file timely objections may waive the right to appeal the District Court's Order. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72.

**SO ORDERED.**

Dated:   Brooklyn, New York
         November 1, 2011

_____/x/_____
MARILYN D. GO
UNITED STATES MAGISTRATE JUDGE